ST. JOHNSBURY TRUCKING COMPANY *v.* MARCELL'S MOTOR
EXPRESS.

February Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed May 4, 1943.

*George L. Agel* and *A. Pearley Feen* for the defendant.

*Bove, Billado & Dick, Fenton, Wing & Morse* and *Horace P. Moulton* for the plaintiff.

SHERBURNE, J. This cause is here before final decree upon exceptions to the overruling of defendant Marcell's demurrer to the bill of complaint. The bill alleges the following facts: At all times material defendant Flemings was engaged in interstate trucking. Under the Federal Motor Carrier Act of 1935 he was required to bring certain proceedings to secure the benefit of claimed rights under the Act. His procedure to secure these rights was late and inefficient, so that in May, 1939, his ability to secure such rights was in doubt. On May 29, 1939, he signed and gave to the plaintiffs an agreement of that date relating to certain operating rights being sought of the Interstate Commerce Commission, and reading as follows:

"I am selling all my freight rights with the exception of my furniture business to the St. Johnsbury Trucking Co. of St. Johnsbury between Boston and Burlington, Vt., and Albany, N. Y., and Burlington, Vermont, for the sum of one hundred dollars ($100) received deposit of ($5.00) five dollars. Ninety-five ($95) to be paid when my rights are proven.",

and was paid $5.00 pursuant to the terms of the agreement. On March 9, 1942, the Interstate Commerce Commission issued a compliance order, so-called, to take effect April 24, 1942, confirming to him the rights described in the above agreement. This order was not final since it was subject to be reopened for reconsideration by any of the parties to the proceedings before the Commission, and on April 20, 1942, a petition to reopen was filed by certain rail carriers, so that the order does not fully and finally prove the rights. While waiting for Flemings to prove his rights, on May 21, 1942, the plaintiffs discovered that Flemings and defendant Marcell had made an application to the Commission, docketed on May 13, 1942, that Flemings might receive permission to sell and transfer his said operating rights, and later the plaintiffs discovered that attached to the petition was a bill of sale dated April 10, 1942, in which Flemings purported to sell to Marcell, subject to the approval of the Commission, his regular route as described in the above agreement. The plaintiffs stand ready to perform their agreement with Flemings when his rights are proven. The bill alleges that the plaintiffs have no adequate remedy at law, and that it is probable that Marcell will operate under the franchise purchased, which will result in competitive disadvantage to plaintiffs gained by the fraudulent acts of Flemings. The bill prays for a temporary injunction that the defendants be enjoined from proceeding further in the prosecution of the joint application before the Interstate Commerce Commission, and seeks to have the bill of sale dated April 10, 1942, adjudged to be null and void, to have the plaintiffs' agreement with Flemings specifically performed, and that both defendants be ordered to discontinue their proceeding before the Commission for the approval of the sale to Marcell. The grounds of demurrer briefed are, that the bill of complaint alleges no equities in favor of the plaintiffs from Marcell, and that he is a bona fide purchaser and the bill of complaint makes no claim to the contrary.

■ No claim is made that the plaintiffs hold anything but an equitable interest under their agreement with Flemings, so the only question for determination is the nature of the interest held by defendant Marcell, for, if he holds only an equitable interest also, the plaintiffs' right being prior in time is deemed the better in right. *Island Pond Nat. Bank* v. *Lacroix,* 104 Vt 282, 300, 158 A 684, and cases cited. The doctrine which protects a bona fide purchaser for value and without notice of existing equities has no application where the rights of a vendee lie in an executory contract. It does not apply where the legal title has not been conveyed. *Villa* v. *Rodriguez,* 12 Wall. 323, 20 L ed 406. *Island Pond Nat. Bank* v. *Lacroix, supra.*

Transactions for the purchase of the properties of one interstate carrier by another are within the scope of sec. 5(2)(a) of the Interstate Commerce Act, U. S. C. Title 49, sec. 5(2)(a), which provides: "It shall be lawful, with the approval and authorization of the Commission, as provided in subdivision (b) * * * for any carrier * * * to purchase * * * the properties, or any part thereof, of another." Subdivision (b) provides: "Whenever a transaction is proposed under subparagraph (a), the carrier or carriers or person seeking authority therefor shall present an application to the Commission. * * * If the Commission finds that, subject to such terms and conditions and such modifications as it shall find to be just and reasonable, the proposed transaction is within the scope of subparagraph (a) and will be consistent with the public interest, it shall enter an order approving and authorizing such transaction, upon the terms and conditions, and with the modifications, so found to be just and reasonable."

The application of defendants Flemings and Marcell, No. MC-F-1856, was properly found to be a transaction within the scope of section 5(2)(a). We need not determine what kind of a right Flemings had at the date of the bill of sale. The transfer of whatever right he had was governed by that section.

■ Where a transaction involving the purchase of the properties of a motor carrier is subject to the requirements of section 5(2)(a), no part of such transaction may be lawfully consummated without the prior approval of the Commission. Hoover Truck Co.-Purchase-Frank Johnson, 37 M.C.C. 507; Potashnish Local Truck System, Inc.-Purchase-George E. Smith and J. V. Griffin, 37 M.C.C. 565.

An analogous question was decided in *United States* v. *Resler*, 313 US 57, 61 S Ct 820, 821, 85 L ed 1185, a case of a transfer governed by section 212(b) of the Motor Carrier Act, providing that any certificate or permit may be transferred pursuant to such rules and regulations as the Interstate Commerce Commission may prescribe, and a rule of the Commission made thereunder, that "No attempted transfer of any operating right shall be effective except upon full compliance with these rules and regulations and until after the Interstate Commerce Commission has approved such transfer as herein provided * * *." It was held that the consent of the Commission was a condition precedent to an effective transfer governed by that section. We hold that in the case of the application of the defendants to the Commission the consent of the Commission was a condition precedent to an effective transfer of the rights purporting to be sold in the bill of sale of April 10, 1942.

Although the bill of complaint does not distinctly allege that the transfer had not been approved by the Commission, it is apparent from the whole bill that it had not. The bill of complaint was served upon defendant Marcell on June 6, 1942, the application to the Commission was docketed May 13, 1942, and the bill prays that the defendants be enjoined from further proceeding with the application, and also that they be ordered to discontinue that proceeding. When the case was heard defendant Marcell's counsel furnished us with a copy of the report and order of the Commission, which shows that the purchase was not approved until February 4, 1943.

It follows that the bill of sale had not passed the legal title at the commencement of this suit, and that defendant Marcell was not a bona fide purchaser. He held only an equitable interest subject to the prior equity of the plaintiffs. The demurrer was properly overruled.

*The decretal order overruling the demurrer is affirmed, and cause remanded.*

## UPON MOTION FOR REARGUMENT.

SHERBURNE, J. On leave duly obtained, counsel for the defendant has filed a motion for reargument, pending which the entry of judgment has been withheld.

The defendant asserts in his motion that in his brief he stressed the point that the legal status of the parties should be determined

upon a consideration of each party in relation to the deal that each had made with defendant Flemings and not the position of each party under section 5 of the Interstate Commerce Act, 49 U.S.C.A. para. 5(2)(a). The motion in effect questions our holding that the bill of sale from Flemings to Marcell had not passed the legal title, and that Marcell only held an equitable interest subject to the prior equity of the plaintiffs, and insists that *Jewett* v. *Smardon,* 101 Vt 488, 144 A 683, cited in defendants' main brief, holds to the contrary. We do not so construe that case, but the situation is somewhat different as to transfers of state certificates of public good and transfers under the Federal act. If it might be inferred from that case that the owner of a bus route can surrender such privileges as he has, provided they are not exercised by the purchaser, without the permission of our public service commission, such cannot be done under the Federal Act. In the Hoover Truck Company case, cited in the main opinion to the effect that no part of such a transaction may be lawfully consummated without the prior approval of the Commission, it is said, quoting In Raymond Bros. M. Transp., Inc.,-Purchase-North American, 37 M.C.C. 431, "To find otherwise would leave carriers free, especially in cases where their operations duplicate each other, or are substantially duplicate, to secure a monopoly * * * without the necessity of our first considering the desirability of the transaction in the public interest, merely by the device of acquiring the intrastate rights and physical properties of a vendor motor carrier (or several vendors), the latter agreeing to abandon operations in interstate or foreign commerce. * * * To adopt such a view would permit defeat of the will of Congress as expressed in section 5, requiring our prior approval of these transactions."

In his brief on this motion the defendant calls our attention to a number of cases not before cited where he claims that it is shown that such transfers had been consummated before approval by the Commission. Passing over the propriety of the presentation of new matter at this time, it should be noted that the word "lawfully" does not appear in these cases before the word "consummated." What is meant is that the purchaser took possession and exercised the right without approval, and unlawfully. He got no legal title. Much as the defendant would like we cannot by-pass the Act.

*Motion for reargument denied. Let full entry go down.*